**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  04-cr-00103-REB

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  NORMAN SCHMIDT,
2.  GEORGE ALAN WEED,
3.  PETER A. W. MOSS,
4.  CHARLES LEWIS,
5.  JANNICE McLAIN SCHMIDT,
6.  MICHAEL SMITH, and
7.  GEORGE BEROS,

     Defendants.

## ORDER

**Blackburn, J.**

On January 5, 2006, I entered an **Order Re: Government's Motion For Supplemental Orders To Implement Order Directing Videotaped Deposition of Gary Herbert [#588]** [#616], filed January 5, 2006.  I directed the government to "identify with as much specificity as reasonably practicable the areas, including any documents, about which it intends to inquire of Mr. Herbert" by no later than January 12, 2006.  (Order at 2, ¶ 2.)  The government timely complied with my order.  (*See* Government's Proffer of Proposed Areas of Inquiry and Identification of Documents For the Deposition of Gary Herbert [#621], filed January 12, 2006.)  Thereafter, each defendant with standing to do so had until January 19, 2006, to assert any claim of

attorney-client privilege with respect to any of the communications identified by the government in its proffer. (Order at 2, ¶ 3.) The docket reflects that no defendant has filed any such response to the government's proffer.

The burden of proving that the attorney-client privilege exists rests on the party asserting the privilege. ***Peat, Marwick, Mitchell & Co. v. West***, 748 F.2d 540, 542 (10th Cir. 1984), ***cert. denied***, 105 S.Ct. 983 (1985); ***Johnson v. Gmeinder***, 191 F.R.D. 638, 642 (D. Kan. 2000)  A party who does not timely raise a claim of attorney-client privilege waives its right to insist on the privilege. ***Mackey v. IBP, Inc.***, 167 F.R.D. 186, 200 (D. Kan. 1996). Therefore, I find and conclude that defendants have waived any claim of attorney-client privilege with respect to the communications and documents identified by the government in its January 12 proffer.

**THEREFORE, IT IS ORDERED** as follows:

1. That defendants have **WAIVED** any claim of attorney-client privilege respecting the communications and documents identified in the government's January 12, 2006, proffer, and no such claim may be asserted during the deposition of Gary Herbert; and

2. That the videotaped deposition of Gary Herbert **SHALL BE SCHEDULED** as soon as practicable in accordance with my previous Order of January 5, 2006.

Dated January 24, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**