# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Criminal Case No. 04-cr-00103-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    NORMAN SCHMIDT,

    Defendant.

## ORDER DENYING MOTION TO RECONSIDER

**Blackburn, J.**

The matter before me is defendant's **Motion To Reconsider Court Order of January 24, 2006, Finding That Norman Schmidt Has Waived Any Claim of Attorney Client Privilege** [#630] filed January 24, 2006. I deny the motion on both procedural and substantive grounds.

A brief history of the procedural evolution of this matter is useful. The chronology of relevant facts and events is as follows. On September 2, 2005, the government filed its motion [#521] seeking to take the deposition of Gary Herbert. On September 26, 2005, I entered an order [#546] granting the government's motion. On November 18, 2005, the government filed its motion [#588], which focused, *inter alia*, on issues implicating the anticipated assertion by defendant of the attorney-client privilege and the assertion by the government of the crime-fraud exception to the privilege. On January 5, 2006, I entered an order [#616] imposing a sequential schedule for the

submission of relevant information by all parties in interest and requiring that Mr. Herbert's deposition be scheduled as soon as practicable on or after February 6, 2006. On January 12, 206, the government timely filed its deposition proffer [#621] pursuant to and compliant with my January 5, 2006, order. *See* order at 2, ¶ 2 [#616]. Defendant's assertion of attorney-client privilege was due by January 19, 2006. *Id.* at ¶ 3. On January 23, 2006, the government filed its request [#628] that I rule on the papers submitted pursuant to my January 5, 2006, order. On January 24, 2006, I entered an order [#629] holding that the defendants had waived any claim of attorney-client privilege by failing to assert it in the time specified in my January 5, 2006, order. Finally, on January 24, 2006, but subsequent to my order, defendant filed his motion to reconsider [#630] my January 24, 2006, order [#629].

Procedurally, the motion is unsigned contrary to the express requirements of D.C.COLO.LCrR 49.3J and Electronic Case Filing Procedures (Criminal Cases)(Version 2.0) V.C.1. The motion may be denied or stricken on that basis per se.

Substantively, the motion fails for several reasons: 1) it does not satisfy the stringent requirements for motions for reconsideration filed in criminal cases; 2) it does not satisfy the requirements imposed in my January 5, 2006, order [#616]; and 3) it unreasonably and unnecessarily interferes with the deposition of Mr. Herbert. I address each of these bases in turn.

First, rarely do parties in criminal proceedings file motions to reconsider rulings on pretrial motions. I conclude that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case.

Thus, a motion to reconsider should be based on 1) an intervening change in controlling law; 2) availability of new evidence; or 3) the need to correct clear error. ***See United States v. D'Armond*** 80 F.Supp.2d 1157, 1170 -1171 (D.Kan.,1999). None of these extraordinary circumstances is present here.

Second, my January 5, 2006, order required specifically "[t]hat by January 19, 2006, any defendant with standing to do so shall assert any claim of attorney-client privilege with as much specificity as reasonably practicable vis-à-vis any communication (oral or written) about which the government represents it may inquire of Mr. Herbert." Order at 2, ¶ 3 [#616]. Defendant does not contend or complain that my protocol for presenting and addressing the issues of privilege and exception was improper or unreasonable either procedurally or substantively. The government's deposition proffer [#621] allowed defendant the opportunity to comply with my order. However, as contained in his motion to reconsider, defendant's proffer does not satisfy the pellucid requirements of my order.

Finally, if granted, the motion to reconsider interferes unreasonably and unnecessarily with the deposition of Mr. Herbert. The unexplained and unexcused failure of defendant to respond to the government's timely proffer in the time and manner required by my order frustrates the carefully crafted schedule I imposed to marshal and resolve the issues of privilege and exception. If defendant's motion to reconsider is granted, then *per force* a new schedule must be crafted with the inevitable result that the deposition of Mr. Herbert – the propriety of which I recognized in my September 26, 2005, order [#546] – would be delayed further. My calendar and docket

are such that I no longer have the time available to resolve these issues on the expedited basis that existed when I issued my January 5, 2006, order.

**THEREFORE, IT IS ORDERED** that defendant's **Motion To Reconsider Court Order of January 24, 2006, Finding That Norman Schmidt Has Waived Any Claim of Attorney Client Privilege** [#630] filed January 24, 2006, **IS DENIED**.

Dated January 30, 2006, at Denver, Colorado.

                                            **BY THE COURT:**

                                            **s/ Robert E. Blackburn**
                                            **Robert E. Blackburn**
                                            **United States District Judge**