**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 04-cr-00103-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. NORMAN SCHMIDT,
2. GEORGE ALAN WEED,
4. CHARLES LEWIS,
5. JANNICE McLAIN SCHMIDT,
6. MICHAEL SMITH, and
7. GEORGE BEROS,

    Defendants.

## SECOND TRIAL PREPARATION CONFERENCE ORDER

**Blackburn, J.**

    Pursuant to **Fed.R.Cr.P. 17.1, D.C.COLO.LCrR 26**, and **REB Cr. Practice Standard IV.A.1.**, and after conferring with counsel on April 21, 2006, the court enters this **Second Trial Preparation Conference Order.**[1]

    **IT IS ORDERED** as follows:

    1. That trial by jury shall commence **April 4, 2007**, at 8:30 a.m., in courtroom A701;

---

[1] Amended papers, including amended motions, petitions, responses, or replies shall not be filed without leave of court. Supplements to papers, including motions, petitions, responses, or replies, shall not be filed without leave of court. Replies to responses shall not be filed without leave of court. Leave of court must be obtained before such papers may be filed. A request for leave to file such a paper shall not be contained or included in the paper sought to be filed.

2. That the court reserves forty (40) days for trial as follows:

- Monday, April 4, 2007, through Thursday, April 5, 2007;
- Monday, April 9, 2007, through Thursday, April 12, 2007;
- Monday, April 16, 2007, through Thursday, April 19, 2007;
- Monday, April 23, 2007, through Thursday, April 26, 2007;
- Monday, April 30, 2007, through Thursday, May 3, 2007
- Monday, May 7, 2007, through Thursday, May 10, 2007
- Monday, May 14, 2007, through Thursday, May 17, 2007;
- Monday, May 21, 2007, through Thursday, May 24, 2007;
- Tuesday, May 29, 2007[2], through Thursday, May 31, 2007;
- Monday, June 4, 2007, through Thursday, June 7, 2007; and
- Monday, June 11, 2007;

3. That counsel and the defendant shall appear in courtroom A701 on the first day of trial at 8:00 a.m., to review the **Trial Checklist** with the courtroom deputy clerk;

4. That the **First Trial Preparation Conference** required by REB Cr. Practice Standard IV.A.1., shall commence on **March 2, 2007**, at 1:30 p.m., in courtroom A701, and a **Second Trial Preparation Conference** shall commence on **March 30, 2007**, at 1:30 p.m., in courtroom A701;

5. That lead counsel and the defendants shall attend the Trial Preparation Conference;

6. That at the outset of the FirstvTrial Preparation conference, each party shall

---

[2] Monday, May 28, 2007, is Memorial Day, which is a legal holiday on which the court is not open.

submit on the Witness List form required by the court (an original for the court with copies to all other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the witnesses listed will be present and available to testify during trial;

      7. That at the trial preparation conference the parties shall be prepared to review and discuss, *inter alia*, the following:

          a. stipulated and proposed jury instructions and verdict forms;

          b. *voir dire* questions;

          c. the jury selection process, including alternate jurors and peremptory challenges:

              1. The use of the one or more alternate jurors [Review Fed.R.Crim.P. 24(c)];

              2. Pretrial designation of the alternate juror(s);

              3. The number and allocation of peremptory challenges [Review Fed.R.Crim.P. 24(b) and (c)(4)]; and

              4. Retention or dismissal of alternate juror(s) [Review Fed.R.Crim.P. 24(c)(3)];

          d. the use of juror questionnaires (if a questionnaire is used, the parties shall surrender their copies for destruction immediately subsequent to completion of jury selection);

          e. identification of all persons permitted to be seated at each party's table;

    f. the pronunciation of problematic party's and witness' names;

    g. the names or monikers that may be used when referring to the defendant or a witness;

    h. identification of "will call" and "may call" witnesses;

    i. use of deposition testimony:

      1. designation of specific testimony by page and line; and

      2. identification of the person selected to read deposition answers;

    j. use of video depositions:

      1. resolution of objections;

      2. pretrial redaction, if necessary; and

      3. arrangements for necessary equipment to broadcast the deposition;

    k. the admission of stipulated exhibits or exhibits about which there are no objections;

    l. the allocation of trial time between the parties;

    m. the necessity for cautionary or limiting instructions; and

    n. timing of publication, if any, of trial exhibits to the jury;

  8. That pending further court order, the jurors shall not be sequestered before deliberations;

  9.  That consistent with REB Cr. Practice Standard IV.C.3.b., each party shall be permitted voir dire examination as permitted by the court following voir dire examination by the court, but no party shall reiterate questions previously propounded by the court or another party;

10. That trial witnesses subject to sequestration under F.R.E. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

11. That the length of opening statements shall be as permitted by the court;

12. That the court will not engage in the examination of any witness, except to eschew plain error;

13. That pursuant to REB Cr. Practice Standard III.D.4., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

14. That objections made in the presence or hearing of the jury shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, counsel and a pro se defendant shall not speechify an objection in the presence or hearing of the jury [Review F.R.E. 103(c) and 104(c)];

15. That in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

16. That consistent with F.R.E. 103(a)(2), once the court makes a definitive ruling on the record admitting or excluding evidence, either at or before trial, a request that the court note a standing or continuing objection to that same evidence will not be granted;

17. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk before the conclusion of a trial day about any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day about any issue which should be considered at the conclusion of that trial day;

18. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms consistent with REB Civ. Practice Standard IV.C.5., the government shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO. G-1, G-2, G-3, etc., and each defendant shall identify and enumerate each individual jury instruction in the heading or title as INSTRUCTION NO.[insert defendant's name or abbreviated name]-1,[insert defendant's name or abbreviated name]-2,[insert defendant's name or abbreviated name]-3, etc.]; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

19. That closing argument shall be as permitted by the court; and

20. That this **Second Trial Preparation Conference Order** supplants and supersedes the **First Trial Preparation Conference Order** [#155] entered August 26, 2004.

Dated April 24, 2006, at Denver, Colorado.

**BY THE COURT:**

s/ Robert E. Blackburn
**Robert E. Blackburn**
**United States District Judge**