**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 04-cr-00103-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. NORMAN SCHMIDT
2. GEORGE ALAN WEED,
3. PETER A.W. MOSS,
4. CHARLES LEWIS,
5. JANNICE McLAIN SCHMIDT,
6. MICHAEL SMITH,
7. GEORGE BEROS,

    Defendants.

_____

## THIRD SUPPLEMENTAL SCHEDULING ORDER
_____

**Blackburn, J.**

The matter is before me for formulation and entry of a further scheduling order, which supplements and revises my **Scheduling Order** [#96] entered April 30, 2004, my **Supplemental Scheduling Order** [#584] entered November 4, 2005, and my **Second Supplemental Scheduling Order** [#658] entered February 7, 2006. I indicated that I would issue another supplemental scheduling order during the status conference held April 21, 2006. Therefore, after conferring with counsel, I enter the following further supplemental and revised scheduling orders.[1]

---

[1] The trial preparation conference and trial settings announced in open court are reiterated and supplemented in the **Second Trial Preparation Conference Order**, which is issued contemporaneously with this order.

**THEREFORE, IT IS ORDERED** as follows:

1. That by May 5, 2006, the government shall file a non-binding list of witnesses that the government intends to call at trial;

2. That concerning the further marshaling of the government's putative expert witnesses:

    a. by May 22, 2006, the government shall supplement its extant proffer of putative expert witnesses implicating Fed.R.Evid 702, in the form and manner prescribed in my **Order Marshaling Expert Witness Testimony** [#426] entered May 11, 2005;

    b. by June 26, 2006, each defendant[2] may respond to the government's supplemental proffer in the form and manner prescribed in my **Order Marshaling Expert Witness Testimony** [#426] entered May 11, 2005; and

    c. by July 28, 2006, the government may reply to the response of any defendant who objects to the government's supplemental proffer;

3. That any defendant who disputes the government's characterization of a witness either as a non-expert witness or an expert witness not subject to Fed.R.Evid. 702, shall file his objection to the government's characterization by August 4, 2006, and the government shall respond to any such objection by August 18, 2006;

4. That concerning the marshaling of the defendants' putative expert witnesses:

    a. by October 20, 2006, any defendant intending to present expert testimony shall file a proffer of putative expert witnesses implicating Fed.R.Evid 702, in

---

[2] With the exception of defendant Beros who shall be subject to a separate scheduling order concerning this and other pretrial issues and filings.

the form and manner prescribed in my **Order Marshaling Expert Witness Testimony** [#426] entered May 11, 2005;

      b. by December 22, 2006, the government shall respond to each defendant's proffer in the form and manner prescribed in my **Order Marshaling Expert Witness Testimony** [#426] entered May 11, 2005; and

      c. by January 22, 2007, the defendants may reply to the response of the government;

    5. That by February 1, 2007, defendant Beros may file a proffer of putative expert witnesses implicating Fed.R.Evid 702, to which proffer the government shall respond by February 20, 2007, and to which response defendant Beros may reply by March 1, 2007; provided, furthermore, defendant Beros' proffer, the government's response, and defendant Beros' reply shall be in the form prescribed in my **Order Marshaling Expert Witness Testimony** [#426] entered May 11, 2005;

    6. That by October 31, 2006, defendant Smith shall file his anticipated reverse Fed.R.Evid. 404(b) proffer, observing the following protocol:

      a. defendant Smith shall address and include the following for each alleged reverse similar transaction, i.e., each other reverse crime, wrong, or act, on which defendant Smith intends to rely at trial:

        1. the identification and description of each discrete alleged similar transaction;

        2. the identification of each consequential fact implicated; and

        3. an explanation as to how the similar transaction evidence is logically relevant, i.e., how the other crime, wrong, or act has any tendency to make the existence of the consequential fact more probable or less probable than it would be without the evidence;

        b. within 11 days after defendant Smith files his reverse Fed.R.Evid. 404(b) proffer, the government shall file its response to defendant Smith's proposed reverse Fed.R.Evid. 404(b) proffer; and

        c. within 11 days after the government files its response, defendant Smith may file his reply to the government's response;

    7. That by December 29, 2006, and after conferring with the government, defendant Beros shall file his proposed scheduling order, which addresses, *inter alia*, deadlines for filing additional motions and concomitant responses; and

    8. That this order supplements my **Scheduling Order** [#96] entered April 30, 2004, my **Supplemental Scheduling Order** [#584] entered November 4, 2005, and my **Second Supplemental Scheduling Order** [#658] entered February 7, 2006.

Done in chambers April 24, 2006, to confirm, expatiate, and supplement the scheduling and other orders entered from the bench in open court on April 21, 2006.[3]

                                                    **BY THE COURT:**

                                                    **s/ Robert E. Blackburn**
                                                    **Robert E. Blackburn**
                                                    **United States District Judge**

---

[3] Also, I approve, adopt, reiterate, and incorporate again the findings of fact and conclusions of law in my **Order Granting Defendant's Motion for Declaration of Complexity** [#95] entered April 30, 2004.