**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  04-cr-00103-REB

UNITED STATES OF AMERICA,

 Plaintiff,

v.

1.  NORMAN SCHMIDT,
6.  MICHAEL SMITH,

 Defendants.

## ORDER DENYING MOTION FOR ACCESS
## TO GOVERNMENT FINANCIAL DATABASE

**Blackburn, J.**

 The matters before me are (1) defendant Norman Schmidt's **Motion For Access to Government Financial Database** [#1135], filed April 20, 2007; and (2) **Defendant Michael Smith's Motion To Join Defendant Norman Schmidt's Motion For Access to Government Financial Database and Objection to Summary Exhibits To Be Presented Against Smith** [#1138], filed April 23, 2007.  I deny the motion for access to the government witness's work product, deny the motion to join as moot, and overrule the objection.

 These motions concern the anticipated testimony of IRS Agent Wayne Stockley regarding the money laundering counts.  In particular, Agent Stockley will testify regarding Government Exhibits 9500A through 9514B and 9600 through 9608, which summarize the contents of certain bank records that both the government and defendants acknowledge are too voluminous to be conveniently examined in court.

Defendants were provided with spreadsheets or charts that purport to tie the summaries to particular original source documents.[1] Agent Stockley and others used a computer software program to prepare these spreadsheets. Defendants maintain that they cannot determine the accuracy, completeness, and fairness of the summary exhibits without access to this computerized financial database.

I disagree. As a matter of fact, the computerized database is not, as defendants would characterize it, the "source material" underlying the summaries. The actual bank records are, and those documents have been available to defendants since June, 2004. Thus, the "underlying data" that defendants claim due process entitles them to access has been in their hands for nearly three years now.

As a matter of law, defendants admit that access to the computer database would reveal what queries Agent Stockley ran in order to prepare the spreadsheets. Such access, however, would clearly invade the province of the agent's work product by giving defendants insight into the agent's thought processes as he analyzed and compiled the underlying documents. The database, therefore, is not discoverable. **FED.R.CRIM.P.** 16(a)(2) & Advisory Committee Notes, 1975 Enactment, ¶ D; *see United States v. Madeoy*, 652 F.Supp. 371, 376 (D.D.C. 1987). *See also United States v. Robinson*, 439 F.3d 777, 779 -80 (8th Cir. 2006); *United States v.*

---

[1] The government represents that it intends to use some portion of the exhibits for demonstrative purposes only, although it is not clear from its response to which exhibits it intends to refer. (*Compare* Resp. at 3, ¶ 5 (stating that government intends to offer Government Exhibits 9500A through 9514B as substantive evidence) *with* Resp. at 4, ¶ 6 (stating that government will use Government Exhibits 9500A through 9514A and 9600 through 9608 as demonstrative aids only).)

*Koskerides*, 877 F.2d 1129, 1133-34 (2nd Cir. 1989) .[2]

Despite defendants repeated complaints about the volume of documents in this case, they have not shown that they are not equally as capable as Agent Stockley of reviewing and analyzing the underlying records to determine whether the government's exhibits accurately reflect the documents they purport to summarize. They may explore any inaccuracies on cross-examination. *See Conford v. United States*, 336 F.2d 285, 288 (10th Cir. 1964) (noting that "broad cross-examination should be permitted upon the summaries to permit a thorough test of their accuracy").

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant Norman Schmidt's **Motion For Access to Government Financial Database** [#1135], filed April 20, 2007, is **DENIED**;

2. That **Defendant Michael Smith's Motion To Join Defendant Norman Schmidt's Motion For Access to Government Financial Database and Objection to Summary Exhibits To Be Presented Against Smith** [#1138], filed April 23, 2007, is **DENIED AS MOOT** and his objection **OVERRULED**.

Dated April 25, 2007, at Denver, Colorado.

                                           **BY THE COURT:**

                                           **s/ Robert E. Blackburn**
                                           **Robert E. Blackburn**
                                           **United States District Judge**

---

[2] Defendants argue, without citation to authority, that work product loses its protection when the witness relies on it as part of his testimony. Assuming *arguendo* that this is a correct statement of the law, it is not the computer database *per se* on which Stockley will rely, but rather the summaries generated from that database.