IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Criminal Case No. 04-cr-00103-REB-01

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. NORMAN SCHMIDT

    Defendant.

_____

**ORDER DENYING DEFENDANT NORMAN SCHMIDT'S
MOTION FOR MISTRIAL**

_____

**Blackburn, J.**

The matter before me is **Defendant Norman Schmidt's Motion For Mistrial** [#1121] filed April 15, 2007.  I deny the motion.

A defendant who seeks a mistrial on the basis of the submission of allegedly prejudicial evidence must establish that introduction of the evidence impaired irreparably his fundamental right to a fair and impartial trial.  *United States v. Jameson*, 478 F.3d 1204, 1212 (10th Cir. 2007); *United States v. Caballero*, 277 F.3d 1235, 1242 (10th Cir. 2002).  By failing to particularly identify any specific statement or statements as to which his motion is directed, defendant utterly fails to meet this exacting standard.  His inexplicit reference to various witnesses' testimony makes it impossible for me to cogently or coherently analyze his arguments.  I am neither required nor inclined to scour a prodigious record in search of evidence to support defendant's arguments.  For this reason alone, defendant has failed to show that a mistrial is warranted.

Even if defendant had presented specific evidentiary support for his general arguments, his underlying premises are fundamentally unsound. Defendant claims that the introduction of statements, which allegedly were not identified in the government's pre-trial *James* proffers violates both my protocol and his constitutional right to confront witnesses. It does neither. My orders regarding the government's *James* evidence contemplated specifically the possibility that some or all of the statements identified might be offered for some purpose other than as non-hearsay pursuant to Fed.R.Evid. 801(d)(2)(E). Additionally, my orders do not prohibit or preclude the government from offering evidence in the form of oral or written statements of other co-defendants or other witnesses – whether identified in the government's several *James*' proffers or not – using evidential bases other than Fed.R.Evid. 801(d)(2)(E).

Indeed, many of the statements that have been offered and admitted were not offered for their truth, but instead, as non-hearsay to show specifically that they were, in fact, untrue or to establish verbal acts or conduct or to show their effect on the hearer or reader. See *United States v. Krohn*, 573 F.2d 1382, 1386 (10th Cir.), *cert. denied*, 98 S.Ct. 2857 (1978); *United States v. Feldman*, 825 F.2d 124, 127-28 (7th Cir. 1987); *Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1434 (10th Cir. 1993); 2 *McCormick On Evidence* § 249 (K. Broun 6th ed. 2006).

As for defendant's Confrontation Clause argument, he acknowledges candidly and correctly that his position is contrary to established Tenth Circuit precedent. *See United States v. Townley*, 472 F.3d 1267, 1272 (10th Cir. 2007), *pet. for cert. filed*, – U.S.L.W. – (U.S. March 12, 2007) (No. 06-10032); *United States v. Summers*, 414. F.3d 1287, 1298 (10th Cir. 2005). Thus, defendant's right of confrontation under the

Sixth Amendment has not been violated by the admission of the evidence in question.

Defendant claims further that certain statements allegedly made by co-defendants Smith and Lewis, which statements were presented by Wendy Delaney, were admitted improperly pursuant to Fed.R.Evid. 801(d)(2)(D) because there is no evidence to establish an agency, employment, or servant relationship between himself and the declarants. In this regard, I approve, incorporate, and adopt those arguments advanced by the government in its response to the motion detailing the evidence that supports a finding of an agency relationship between and among defendant and the other co-defendants and others. At the time of the admission of the statements as vicarious admissions under Fed.R.Evid 801(d)(2)(D), the extant evidence established by at least a preponderance 1) that an agency, employment, servant, and/or partnership relationship existed between defendant and the other co-defendants and others in which relationship(s) defendant was the principal, employer, master, and/or partner and in which the declarants were the agents, employees, servants, and/or partners of defendant; 2) that the statements were made during the relevant relationship; and 3) that the statements related to a matter within the scope of the relationship. Thus, the evidence of record at the time of the admission of the statements established the tripartite *sine qua non* for their admission under Fed.R. Evid. 801(D)(2)(D).[1]

Finally, defendant asks in the alternative that I give propitious limiting instructions

---

[1] Additionally, since the filing of the motion, a significant amount of evidence has been educed that establishes by no less than a preponderance of the evidence that there was an agency, employment, servant, partnership, co-ownership, and/or co-management relationship between defendant Schmidt and the codefendants and others. Such subsequent evidence may be considered by me under Fed.R.Evid. 104(b) as I discharge my duty under Fed.R.Evid. 104(a) to resolve preliminary questions concerning the admissibility of evidence.

to the jury.  I have done so already *sua sponte* and on request on several occasions throughout the course of the trial, and I will continue to give such cautionary and limiting instructions when appropriate.

**THEREFORE, IT IS ORDERED** that **Defendant Norman Schmidt's Motion For Mistrial** [#1121] filed April 15, 2007, is **DENIED**.

Dated April 26, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**