IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

**Date:** April 29, 2008

Courtroom Deputy: Ginny Kramer
Court Reporter:    Darlene Martinez
Probation Officer: Caryl Ricca

_____

**Criminal Case No. 04-cr-00103-1-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Matthew Kirsch |
| | Wyatt Angelo |
| v. | |
| 1. NORMAN SCHMIDT, | Peter Bornstein |
| | Thomas Hammond |
| Defendant. | |

_____

**SENTENCING MINUTES**
_____

**1:30 p.m.    Court in Session:**

The Defendant is present in court (in custody).

Appearances of counsel.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P.32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addenda.

Counsel for the Defendant informs the Court that he has read and discussed the presentence report with the defendant.

1:35 p.m.    Defendant's counsel, Mr. Bornstein, made a statement on behalf of the defendant, offered information in mitigation of his punishment and commented on the probation officer's determinations and other matters affecting sentence.

1:57 p.m.   Statement to the Court by Mr. Hammond, as to the Defendant's Motion for Variance from a Guideline Sentence [#1503] filed April 25, 2008.

Statement to the court by the defendant.

2:20 p.m.   Statements to the court by Mr. Kirsch, for the Government.

2:25 p.m    Statements to the Court by Mr. Angleo, for the Government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offenses for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. §3551.
4. The presentence report and addenda.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3662, 3582(a), and 3553(a)(1)-(7).
7. The position of the government, the defendant, and the probation department.

The Defendant was found guilty as to Counts 1 - 5, 9, and 12 - 44, on May 29, 2007.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That **judgment of acquittal** is entered on the crimes charged in the Second Superseding Indictment in Counts 6, 7, 8, 10, and 47.

2. That the defendant's objections to the presentence report and concomitant addenda are **overruled.**

3. That the defendant's Motion for Variance From a Guideline Sentence [#1503], filed April 25, 2008, is **denied.**

4. That judgment of conviction shall now enter on Counts 1, 2 through 4, 5, 9, 12 through 15, 16, 17, 18 through 29, 30, 31, 34, and 36 through 45, of the Second Superseding Indictment under Fed.R.Crim.P 32(k).

5. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant, Norman Schmidt, is committed to

the custody of the Bureau of Prisons to be imprisoned for a **term of his natural life,** which sentence is computed as follows: A term of 5 years on each of Counts 1, 2 through 4, 12 through 15, 18, and 19. A term of 20 years on each of counts 5, 9, 16, 17, 30 and 31. A term of 10 years on each of counts 34, and 36 through 45, which sentences on each count shall be served consecutively for a total sentence of 330 years.

6. That the defendant is not sentenced to an additional term of supervised release on any count of conviction.

7. That no fines are imposed.

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction.

9. That an order and judgment of forfeiture shall be entered under 18 U.S.C. §§ 981, 1956, and 1961 and 28 U.S.C. § 2461, as to count 48 of the Second Superseding Indictment.

10. That presentence confinement shall be determined by the Bureau Prisons under 18 U.S.C. § 3585.

11. That the mandatory drug testing provisions of 18 U.S.C. § 3583(d) are waived.

12. That the defendant shall pay restitution jointly and severally with co-defendant George Beros as stated on the record.

13. That **on or before May 30, 2008**, the probation officer shall exert her best efforts to determine the restitution owed to the remaining victims of the crimes charged in Counts 1, 2 through 4, 5, 9, 12 through 15, 16, and 17 of the Superseding Indictment; provided furthermore, that the Government and defendant shall file any objections to the restitution as calculated by the probation officer within 21 days of its filing.

14. That the defendant is remanded to the custody of the United States Marshal.

The Defendant is advised of his right to appeal the sentence of the Court.

**3:30 p.m.     Court in Recess.**

*Total in court time: 2 hours - Hearing concluded*